United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA POLANCO, et al.,
Plaintiffs,

v.

STATE OF CALIFORNIA, et al.,
Defendants.

Case No. 21-cv-06516-CRB

**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

This case is about the transfer of inmates from the California Institution for Men to San Quentin State Prison during the COVID-19 pandemic. Despite the close of fact discovery, Plaintiffs now seek leave to file an amended complaint. Mot. (dkt. 115). In particular, they wish to add two defendants: (2) Vincent Cullen, the former Director of Corrections Services for California Correctional Health Care Services, and (2) Connie Gipson, the former Director of the Division of Adult Institutions for the California Department of Corrections and Rehabilitation (together, "Proposed Defendants"). As discussed below, the Court **GRANTS** Plaintiffs' motion.[1]

## I. LEGAL STANDARD

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)). However, leave to amend "is not to be granted automatically." In re

[1] The Court presumes familiarity with the factual background and deems this matter suitable for resolution without oral argument, under Civil Local Rule 7-1(b).

United States District Court
Northern District of California

W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990)).

A court considers five factors to assess whether to grant leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## II. DISCUSSION

The relevant factors at issue for this motion are delay, bad faith, and prejudice. See Opp'n (dkt. 117) at 5–14; Reply (dkt. 118) at 2–9.[2] The Court evaluates each factor in turn and grants the motion, as no factor warrants denial of leave to amend.

### A. Delay

Undue delay occurs when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Cop. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006).

Defendants contend that Plaintiffs unreasonably delayed amendment despite knowing about Proposed Defendants' involvement in the transfers since October 2024. Opp'n at 5. They point out that Plaintiffs' counsel—lawyers at the firm Keker, Van Nest, & Peters LLP—were also involved in other inmate cases in 2020 and 2021, which involved facts that revealed the roles of Proposed Defendants that are now the basis for amendment. Id. at 6. Plaintiffs counter that, while they were generally aware of Proposed Defendants' responsibilities, it was only until depositions in 2026 that they learned of Proposed Defendants' specific conduct. Reply at 3. And they note that Judge Davila, in a

[2] Defendants also argue that Plaintiffs have not shown good cause to modify the case schedule under Federal Rule of Civil Procedure 16. See Opp'n at 14. But the Court—based on the parties' stipulation in anticipation of the instant motion—already entered an order amending the case schedule to account for an amended complaint. Order (dkt. 116). Accordingly, Rule 16 is not applicable.

parallel consolidated litigation, recently disposed of this argument when granting leave to amend to add Proposed Defendants. Id. at 4 (citing In re CIM-SQ Transfer Cases, No. 5:20-CV-06326-EJD, 2026 WL 1477839, at *4 (N.D. Cal. May 26, 2026)).

Like Judge Davila, the Court does not find that Plaintiffs acted with undue delay. Plaintiffs point out that the earlier litigation involving their counsel was distinct, as it was focused on injunctive relief rather than damage recovery. Reply at 3. They only discovered the specifics of Proposed Defendants' conduct during their depositions this year. See id. "Based on this record, it seems that all of the plaintiffs' attorneys did not understand [Proposed Defendants'] roles in the transfer until after they had been deposed." See In re CIM, 2026 WL 1477839, at *4.

Defendants also argue that Plaintiffs unreasonably waited four months after Proposed Defendants' depositions to bring up amendment. Opp'n at 8. But this, too, falls flat. Plaintiffs explain that they merely waited for the close of fact discovery and the appointment of a representative for Defendant Tharratt's estate to avoid piecemeal motion practice. Reply at 4–5 (noting that Plaintiffs waited as Defendants had aggressively litigated issues related to Tharratt). But "a plaintiff should not be punished for attempting to make comprehensive amendments rather than amending piecemeal as soon as one piece of knowledge becomes known to them." ML Prods. Inc. v. Billiontree Tech. USA, Inc., No. 2:23-CV-08626-MEMF-DTB, 2025 WL 1717642, at *3 (C.D. Cal. Apr. 16, 2025).

"In any case, delay alone is insufficient to deny leave to amend." In re Mosaic LLM Litig., No. 24-CV-01451-CRB, 2025 WL 1755650, at *2 (N.D. Cal. June 25, 2025). Accordingly, the Court turns to the remaining relevant factors.

**B. Prejudice**

"The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). And the prejudice "must be substantial." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" Hurn v. Ret. Fund Trust of

Plumbing, Heating & Piping Indus. of S. California, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).

Defendants argue that Proposed Defendants will be prejudiced as fact and expert discovery are closed and they missed out on the ability to prepare their own defenses. See Opp'n at 9. They assert that they require significant discovery in the form of interrogatories, document requests, and depositions. Id. at 10–11. These arguments fail to persuade.

For starters, Defendants say they need extensive discovery but fail to explain what Proposed Defendants require beyond what has already been produced. Their point is also undercut by the fact that Defendants have largely acted in lockstep in this case, from the pleadings through discovery. See Reply at 5–8 (describing the coordinated effort by Defendants through their same counsel). And, as Plaintiffs note, Proposed Defendants did not seek additional fact or expert discovery after being added to In re CIM. See Dorai Decl. (dkt. 118-1) ¶ 8.

Defendants' argument that the existing defendants will be prejudiced through additional delay is undermined for the same reasons. Moreover, neither the "delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).

Accordingly, Defendants fail to demonstrate prejudice sufficient to overcome the strong policy in favor of amendment. Any prejudice can be mitigated by a reasonable reopening of fact and expert discovery.[3]

### C. Bad Faith

"[T]he party opposing amendment must also show that the amendment sought is . . . in bad faith." Jones v. Bates, 127 F.3d 839, 847 n.8 (9th Cir.1997). On this point,

[3] Plaintiffs agree to reopen fact discovery but contend that expert discovery should stay closed as it was about systemic issues, rather than individual defendant involvement. But in fairness to Proposed Defendants, they may seek leave to reopen expert discovery if it is within reason.

United States District Court
Northern District of California

Defendants mostly recycle their arguments about delay. See Opp'n at 13–14. For the reasons above, the Court rejects them again. Defendants also contend that the proposed complaint does not separate Proposed Defendants from the other defendants and includes false allegations. Id. at 13. But Plaintiffs correctly point out that they are merely establishing Proposed Defendants as integral participants in the overarching constitutional violations. See Reply at 9. Defendants are correct, however, that Plaintiffs improperly allege that Defendants—including Proposed Defendants—required Gilbert Polanco to drive sick inmates to the hospital without proper protective equipment. See Opp'n at 13–14. Plaintiffs concede as much and are willing to strike the allegation from their proposed complaint. See Reply at 9 n.3. On this record, the Court determines that there is no showing of bad faith to overcome the liberality of amendment.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion. As discussed, Plaintiffs must strike the allegation about transport without protective equipment.

**IT IS SO ORDERED.**

Dated: August 12, 2026

CHARLES R. BREYER
United States District Judge